**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMARA KIMMEL LOVE,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>KAISER PERMANENTE CONSOLIDATED; KAISER PERMANENTE EMPLOYER HEALTH PLAN OF WASHINGTON,<br><br>  Defendants - Appellees. | No. 24-3065<br><br>D.C. No. 2:23-cv-00421-LK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted September 17, 2025**

Before:  SILVERMAN, OWENS, and BRESS, Circuit Judges.

Tamara Kimmel Love appeals pro se from the district court's judgment dismissing her employment action alleging federal claims. We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). We affirm.

The district court properly dismissed Love's action because Love failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433-34 (9th Cir. 2018) (setting forth elements of a prima facie case for a disability discrimination claim under the Americans with Disabilities Act); *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049-50 (9th Cir. 2012) (setting forth elements of a prima facie case for a discrimination claim under the Age Discrimination in Employment Act); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-46 (9th Cir. 2003) (setting forth elements of a prima facie case for Title VII discrimination, hostile work environment, and retaliation claims); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining that "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

The district court did not abuse its discretion by denying further leave to

amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation omitted)).

We reject as unsupported by the record Love's contention that the district court violated her constitutional rights or engaged in other wrongdoing.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**